IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:08-CV-957-MEF |
| ) | |
| ANNETTE FENN, *et al.,* ) | (WO - DO NOT PUBLISH) |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

This interpleader action is before the Court on Canal Insurance Company's Motion for Discharge (Doc. # 97). Plaintiff Canal Insurance Company ("Canal") issued a Commercial Auto Liability policy to a trucking company and a particular tractor owned by that company. A driver for the trucking company attempted to pass another tractor trailer in a no-passing zone and struck an Alabama Department of Corrections passenger van. All seven occupants of the van, a driver and six applicants for employment with the Alabama Department of Corrections, were killed in a fire caused by the collision. Seven lawsuits are pending in another court against the trucking company and the at-fault driver. Faced with multiple claimants to the one million dollars of insurance coverage provided by its policy, Canal commenced this action. As part of this lawsuit, the families of those who perished in the accident have made claims to the insurance proceeds. Additionally, a towing company has made a claim for towing expenses incurred as part of the clean up of the accident. The Alabama Department of Corrections also claims against the insurance proceeds for damage

to its vehicle.

After filing this interpleader action,[1] Canal paid the one million dollar policy limits into the registry of this Court. On April 27, 2009, this Court ordered that the fund be deposited in an interest bearing account. Canal claims no interest in the funds it has paid into the Court. It now asks to be discharged from further liability to any of the claimants. Additionally, Canal seeks a permanent injunction against any of the claimants filing suit against it, entry of default judgment against the owner of the trucking company and its driver, and a reasonable award of attorneys' fees. Having considered all submissions in support of and in opposition to the motion, the Court finds that it is due to be GRANTED in part and DENIED in part as set forth below.

**A. Default Judgment**

When it commenced this interpleader action, Canal named the driver of the truck, Andrew David Carter ("Carter"), and the owner of the trucking company Devasko Dewayne Lewis ("Lewis"), who did business as Lewis Trucking Company, as defendants to this action. After service, Carter and Lewis failed to answer or otherwise respond to the Complaint. On October 30, 2009, Canal applied to the Clerk of the Court for entry of default against Carter and Lewis. On November 5, 2009, the Clerk entered Default as to Carter and Lewis. In a footnote, Canal asks for a default judgment to be entered as to Carter and Lewis, who have

---

[1] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1335, 1367. Venue is appropriate pursuant to 28 U.S.C. § 1397.

not participated in this action.  As to any duty to indemnify Carter or Lewis for any liability covered by the policy of insurance, the Court finds that the interpleader of the funds in this action has satisfied Canal's contractual obligations to Carter and Lewis established by the Commercial Auto Liability policy issued to Lewis and bearing policy number PIA03174700. Nothing in this Memorandum Opinion and Order is intended to in any way affect Canal's duty to defend any lawsuit against Carter or Lewis.  A partial default judgment will be entered pursuant to Federal Rule of Civil Procedure 54(b) and 55 consistent with this Memorandum Opinion and Order.

**B.  Request for Discharge and Permanent Injunction**

Canal has established through the facts and legal arguments presented that it is a stakeholder without an interest in the one million dollar proceeds of the liability policy it issued and that there are numerous claimants to the policy proceeds.  It has also paid the funds into the registry of the Court.  The defendant claimants have not opposed discharge of Canal.  For good cause shown, the Court is persuaded that Canal is due to be discharged from all further liability to any claimant to this action with respect to the proceeds of the liability policy it issued to Lewis bearing policy number PIA03174700.

Pursuant to 28 U.S.C. 2361, all defendants to this action are hereby permanently enjoined from instituting or prosecuting any proceeding in any court seeking recovery of the interpleaded insurance funds.  Nothing in this action is intended to in any way impede any of the underlying state court actions against any insured.

**C. Request for Reasonable Award of Attorneys' Fees**

Finally, Canal requests an award of a reasonable attorneys' fees and costs associated with this action. Several of the claimants oppose such an award. "Under Federal law, the general rule is that a disinterested 'mere stakeholder' plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees." *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 793 (M.D. Tenn. 2001). *See also Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder."). To qualify for an award of fees and costs, an interpleader plaintiff must establish that he meets each of the following elements: (1) a disinterested stakeholder, (2) who had conceded liability, (3) who has deposited the disputed funds into court, and (4) who has sought a discharge from liability. *See Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2nd Cir. 1989). However, an interpleader plaintiff has no absolute right to recover its fees and costs. *See Am. Gen. Life Ins. Co. v. Jones,* No. 08-0211-WS-B, 2008 WL 4949847 at *3 (S.D. Ala. Nov. 13, 2008). A court has broad discretion in deciding whether to allow such an award or how much such an award should be. *Id*. Importantly, the Eleventh Circuit Court of Appeals has recognized an important exception to the generally liberal practice of awarding attorneys' fees and costs to an interpleader plaintiff. *See In re Mandaly Shores Co-op. Housing Ass'n, Inc.* 21 F.3d 380 (11th Cir. 1994). When a stakeholder's interpleader arises out of the

normal course of business an award is not warranted. *Id.* Quite commonly, this exception is applied to insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business. *Am. Gen. Life Ins. Co.,* 2008 WL 4949847 at *3-*4. *See, also, State Farm Life Ins. Co. v. Mangan*, No. 09-61722-CIV, 1020 WL 3835012 (S.D. Fla. Sept. 30, 2010).

The Court finds that this interpleader action arose out of the normal course of Canal's business and the balance of the applicable factors weigh against exercising any discretion in favor of Canal's request for attorneys' fees and costs. While the defense to the proceeds of Canal's policy may be futile under the circumstances of this case, the position of Canal to these proceedings can hardly be considered "disinterested." Seven lives were lost in this terrible accident and those seeking recovery from the at fault party(s) should not be limited by an award of attorneys fees and costs to an insurance company, whose obligation it is to see that compensation is paid to the victims of their insured, to the extent the insured is legally liable to the plaintiffs. The claimants will be woefully undercompensated even without the deduction of the insurance company's fees and costs from their eventual recovery. To the extent the motion seeks such an award it is due to be DENIED

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Canal Insurance Company's Motion for Discharge (Doc. # 97) is GRANTED in part and DENIED in part. It is GRANTED to the extent that it seeks discharge of liability against Canal, default judgment

against two defendants, and a permanent injunction, but it is DENIED to the extent that it seeks an award of attorneys' fees and costs.

DONE this the 11th day of February, 2011.

                                            /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE